## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

WENDY MORRIS,
an individual,

Case No.:

     Plaintiff,

v.

RPS COMPANIES, INC., a Florida
corporation, successor in interest by merger
of RPS WORLDWIDE, INC., both d/b/a
COLLECTION AGENCY, M.D.,

     Defendant.

_____/

## COMPLAINT

**COMES NOW,** Plaintiff, WENDY MORRIS ("Plaintiff"), by and through the undersigned counsel, and sues Defendant, RPS COMPANIES, INC., a Florida corporation, successor in interest by merger of RPS WORLDWIDE, INC., both d/b/a COLLECTION AGENCY M.D. ( hereinafter collectively "Defendant"), and alleges:

### I. INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Florida Consumer Collections Practices Act, Fla. Stat. § 559.55 *et seq.* (hereinafter, "FCCPA"), which prohibits debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d), 28 U.S.C. §

1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 U.S.C. §

1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.      Venue in this District is proper in that the Defendant transacts business

here and the conduct complained of occurred here.

### III. PARTIES

3.      Plaintiff, Wendy Morris (hereinafter "Plaintiff"), is a natural person

residing in Polk County, Florida.

4.      Defendant is a Florida corporation engaged in the business of collecting

debts in Florida with its principal place of business located at 4201 Vineland Road, 1-10,

Orlando, FL 32811.  Defendant's principal purpose is the collection of debts using

telephone and mail, and Defendant regularly attempts to collect debts alleged to be due

another.

5.      At all times herein, Defendant is a ''debt collector'' as defined by 15

U.S.C. § 1692a(6).

6.      At all times herein, Defendant is a "debt collector" as defined by Fla. Stat.

§ 559.55.

7.      At all times herein, Defendant is a "person" pursuant to Fla. Stat. §

559.72.  See Schauer v. General Motors Acceptance Corp., 819 So. 2d 809 (Fla. 4th DCA

2002).

### IV. FACTUAL ALLEGATIONS

8.      At all times herein, the Defendant was attempting to collect a consumer

debt.  Specifically, the Defendant attempts to collect a medical debt allegedly owed to

Flynn Clinic, Inc. referenced by "File: 68797" (hereinafter "the Debt"). The Debt was incurred primarily for personal, household or family use.

9.    At all times herein, the Defendant acted through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

10.    All conditions precedent to the filing of the action occurred or have been waived by the Defendant.

11.    On or about October 29, 2009, Defendant mailed Plaintiff the first collection letter in an attempt to collect the Debt on behalf of Flynn Clinic, Inc.

12.    In the first collection letter, Defendant refers to the Debt as "Flynn Clinic, Inc. Vs. Wendy Morris; File: 68797." Please see attached a true and correct copy of the first collection letter labeled "Exhibit A."

13.    On or about November 30, 2009, Defendant mailed Plaintiff a second collection letter in an attempt to collect the Debt on behalf of Flynn Clinic, Inc.

14.    In the second collection letter, Defendant again refers to the Debt as "Flynn Clinic, Inc. Vs. Wendy Morris; File: 68797." Please see attached a true and correct copy of the second collection letter labeled "Exhibit B."

15.    Additionally, printed in all-caps, the second collection letter stated the following: "UNLESS YOU REMIT THE AMOUNT OWED BY THE ABOVE DEADLINE, BE PREPARED TO BE SERVED WITH A LEGAL SUMMONS AND COMPLAINT FOR A COURT APPEARANCE AS DEFENDANT IN THIS ACTION AGAINST YOU."

16.    On or about December 11, 2009, Defendant mailed Plaintiff a third

collection letter in an attempt to collect the Debt on behalf of Flynn Clinic, Inc.

17.     In the immediately third collection letter, Defendant refers to the Debt as "Flynn Clinic, Inc. Vs. Wendy Morris; File: 68797." Please see attached a true and correct copy of the third collection letter labeled "Exhibit C."

18.     Additionally, the third collection letter specifically states that Plaintiff is being given a "final opportunity" to make payment or advises her to "be prepared to be served with a summons for a court appearance as named defendant in this action against you."

19.     Defendant further gives Plaintiff until TOMORROW to make payment, the failure of which will result in initiation of legal proceedings.

20.     Referencing the Debt in such a manner, specifically by setting the parties off against one another using "Vs.," referring to a "file" number, and repeatedly referring to things like "legal proceedings," "summons," "count appearance," "named defendant," "this action," "litigation," "court costs," "attorney's fees," and "litigation expenses," simulates legal process and presently caused Plaintiff fear and the mistaken belief that a lawsuit had been filed against her.

21.     Defendant also gives the impression that it is a law firm with the lawful ability to practice law, draft and file a lawsuit, and recover attorney's fees and costs when it says *"we are preparing immediate institution of legal proceedings,"* when it references "this action" against you (i.e. the case style referenced above), and when it directs that "litigation will be our next step," *"I am advancing your file,"* and *"my instructions are to initiate legal proceedings."* Defendant, however, is not a law firm.

22.     On or about July 23, 2010, RPS COMPANIES, INC., the surviving corporation, merged with, acquired all of the assets of, and assumed all of the liabilities of RPS WORLDWIDE, INC., the merging corporation.

23.     RPS COMPANIES, INC. continues to maintain the same business locations, website domains, office location, staff, and phone numbers operated as maintained under RPS WORLDWIDE, INC.

24.     Furthermore, at all times herein and up and through the date of the filing of this Complaint, both RPS COMPANIES, INC. and RPS WORLDWIDE, INC., both continue to maintain and use the same fictitious name, COLLECITON AGENCY, M.D., and maintain and use the websites, www.rpsworldwide.net, www.rpscompanies.com, and www.collectionagencymd.com  while attempting to collect debts, including the Debt, from the Plaintiff.

25.     The Plaintiff has retained Leavengood & Nash for the purpose of pursuing this matter against the Defendant and is obligated to pay her attorneys a reasonable fee for their services.

26.     Florida Statute Section 559.77 provides for the award of up to up to $1,000.00 statutory damages plus actual damages, punitive damages and an award of attorneys' fees and costs to the Plaintiff should the Plaintiff prevail in this matter.

27.     United States Code Title 15 Section 1692k(a)(2)(A) provides for the award of $1,000.00 statutory damages plus actual damages, punitive damages and an award of attorneys' fees to the Plaintiff should the Plaintiff prevail in this matter.

28.     As of the date of this complaint, the Defendant has not initiated a lawsuit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been

obtained by, or transferred to, the Defendant.

## COUNT ONE:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTE § 559.72(10)

29.     The Plaintiff re-alleges paragraphs one (1) through twenty-five (25) as if fully restated herein and further states as follows:

30.     The Defendant is subject to, and has violated provisions of, Florida Statute §559.72(10) by using a communication which simulates in any manner legal or judicial process.

31.     Specifically, Defendant mailed Plaintiff a collection letter which simulated legal or judicial process by placing in its re: line, "Flynn Clinic, Inc. Vs. Wendy Morris; File: 68797," similar to a case style heading on a legal or judicial complaint, pleading, summons or any other court documents, listing Flynn Clinic, Inc. as a Plaintiff and Wendy Morris as a Defendant, positioning both parties on either side of the 'V' as is done in pending legal actions.

32.     Additionally, the letter advised Plaintiff in all caps, "to be prepared to be served with a legal summons and complaint for a court appearance as Defendant in this action against you," simulating legal process by claiming a specific "action" had already commenced against Plaintiff.

33.     As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, costs, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT TWO:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTE §559.72(7)

34.     The Plaintiff re-alleges paragraphs one (1) through twenty-five (25) as if fully restated herein and further states as follows:

35.     The Defendant is subject to, and has violated provisions of, Florida Statute §559.72(7) by collecting consumer Debts from the Plaintiff through means which can reasonably be expected to abuse or harass the Plaintiff.

36.     Specifically, Defendant gave Plaintiff a false sense of urgency when stating that "if you do not pay the balance immediately, litigation will be our next step" and "Do not delay. Do not miss your deadline."

37.     The Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statute § 559.72(7).

38.     As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by Florida Statute §559.77.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate

## COUNT THREE:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTE § 559.72(9)

39.     The Plaintiff re-alleges paragraphs one (1) through twenty-five (25) as if fully restated herein and further states as follows:

40.    The Defendant is subject to, and has violated provisions of, Florida Statute §559.72(9) by asserting the existence of the legal right to the Debt with the knowledge that the right does not exist.

41.    Defendant was approved as a consumer collection agency authorized to collect debts, including the Debt, in the State of Florida on December 8, 2009.

42.    At the time the first and second collection letters were mailed to the Plaintiff in an attempt to collect the Debt, respectively, Defendant was not registered as a consumer collection agency in the State of Florida.

43.    Defendant, therefore, did not possess the lawful authority to collect consumer debts, or the Debt, in the State of Florida as alleged above.

44.    By sending the first and second Debt collection letters to the Plaintiff, Defendant implicitly asserted its legal right to collect the Debt in the State of Florida with knowledge that such right did not exist.

45.    As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FOUR:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C. §1692e(13)

46.    The Plaintiff re-alleges paragraphs one (1) through twenty-five (25) as if fully restated herein and further states as follows:

47.    The Defendant is subject to, and has violated the provisions of, 15 U.S.C.

§1692e(13) by using false, deceptive, or misleading representation or means in connection with the collection of the Debt by falsely representing or implying that documents are legal process.

48.     Specifically, Defendant mailed Plaintiff a collection letter which simulated legal or judicial process by placing in its re: line, "Flynn Clinic, Inc. Vs. Wendy Morris; File: 68797," similar to a case style heading on a legal or judicial complaint, pleading, summons or any other court documents, listing Flynn Clinic, Inc. as a Plaintiff and Wendy Morris as a Defendant, positioning both parties on either side of the 'V' as is done in pending legal activities.

49.     Additionally, the letter advised Plaintiff in all caps, "TO BE PREPARED TO BE SERVED WITH A LEGAL SUMMONS AND COMPLAINT FOR A COURT APPEARANCE AS DEFENDANT IN THIS ACTION AGAINST YOU," simulating legal process by claiming a specific "ACTION" had already commenced against Plaintiff.

50.     As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by 15 U.S.C. §1692k.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against the Defendant for statutory damages, costs, attorneys' fees, and such other equitable relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

51.     Plaintiff hereby demands a trial by jury on all issues triable by right.

Respectfully Submitted,

**LEAVENGOOD & NASH,**

**Ian R. Leavengood, Esq. FBN 10167**

ileavengood@leavenlaw.com
**Christopher C. Nash FBN 0135046**
cnash@leavenlaw.com
2958 First Avenue North
St. Petersburg, FL 33713
Phone:  (727) 327-3328
Fax: (727) 327-3305
Attorneys for Plaintiff